# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 20-586V

| | |
|---|---|
| DAVID BUNCH,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>     Respondent. | Chief Special Master Corcoran<br><br>Filed: July 14, 2025 |

*Leah VaSahnja Durant, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner.*

*Dorian Hurley, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

  On May 12, 2020, David Bunch filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered a shoulder injury related to vaccine administration following a vaccination on November 5, 2018. Petition at 1. On February 8, 2024, I issued a decision awarding compensation to Petitioner, based on the Respondent's proffer. ECF No. 85.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $271,091.35 (representing $221,642.75 in attorney's fees plus $49,448.60 in attorney's costs). Application for Attorneys' Fees filed August 7, 2024, ECF No. 90 and Petitioner's revised litigation costs filed September 11, 2024, ECF No. 94. Furthermore, Petitioner filed a signed statement representing that he incurred $5,554.00 in personal out-of-pocket costs. ECF No. 90 at 2.

Having reviewed the billing records submitted with Petitioner's requests, I find some reductions in the amount of fees and costs to be awarded appropriate, for the reasons listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs to successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Hum. Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

2

## ATTORNEY FEES

A. *Hourly Rates*

The rates requested by the attorneys and paralegals that performed work in this matter through the end of 2024 are reasonable and consistent with our prior determinations, and will therefore be adopted. In addition (and with the exception of the two categories set forth below), I will award *most* of the time billed to the matter – despite the fact that the amount involved is facially large, and almost excessive, for an SPU case. I do so because the matter raised a number of complex issues relating to the Petitioner's damages, and they merited the attorney attention paid to the matter. I also note that the sum billed to this case is not proportionately excessive in light of the damages Petitioner has received.

B. *Paralegal Duties Billed by Attorneys*

After reviewing the billing records submitted with Petitioner's request, most of the requested fees are reasonable, with the exception of several tasks performed by attorneys in this case that are more properly billed using a paralegal's rate.[3] "Tasks that can be completed by a paralegal or a legal assistant should not be billed at an attorney's rate." *Riggins v. Sec'y of Health & Hum. Servs.*, No. 99-382V, 2009 WL 3319818, at *21 (Fed. Cl. Spec. Mstr. June 15, 2009). "[T]he rate at which such work is compensated turns not on who ultimately performed the task but instead turns on the nature of the task performed." *Doe/11 v. Sec'y of Health & Hum. Servs.*, No. XX-XXXXV, 2010 WL 529425, at *9 (Fed. Cl. Spec. Mstr. Jan. 29, 2010). Although these billing entries are reasonable, they must be charged at non-attorney rates. Thus, I hereby reduce the attorney's hourly rates to that of a paralegal's rate only for those tasks considered paralegal in nature. **Application of the foregoing reduces the total amount of fees to be awarded by $680.20.**[4]

---

[3] Paralegal duties billed by attorneys are dated as follows: 5/26/20 (two entries); 8/6/20; 7/6/22; 9/28/22; 8/10/23; 10/18/23; 10/29/23; 10/30/23; 11/27/23; 11/28/23; 2/13/24. ECF No. 90-1.

[4] This amount consists of my reduction of the attorney's hourly rate to non-attorney rates for all tasks considered paralegal in nature: ($395.00 - $163.00 = $232.00 x 0.90 hrs.) + ($420.00 - $177.00 = $243.00 x 0.20 hrs.) + ($441.00 - $177.00 = $264.00 x 1.40 hrs.) + ($463.00 - $197.00 = $266.00 x 0.20 hrs.) = $680.20 in fees to be reduced herein to account for the billing entries claimed at the higher rate.

3

      C.    *Administrative and Clerical Tasks Not Reimbursable*

Additionally, the billing records reveal several hours[5] incurred on tasks considered administrative in nature. Billing at any rate for clerical and other administrative work is not permitted in the Vaccine Program. *Rochester* v. *U.S.*, 18 Cl. Ct. 379, 387 (1989) (noting that tasks that "were primarily of a secretarial and clerical nature ... should be considered as normal overhead office costs included within the attorneys' fee rates."). See also *Floyd* v. *Sec'y of Health & Human Servs.*, No. 13-556V, 2017 WL 1344623, at *5 (Fed. Cl. Spec. Mstr. Mar. 2, 2017) (noting that "Examples include scheduling status conferences ... preparing compact discs ... and filing documents through the CM/ECF system."); *Silver* v. *Sec'y of Health & Human Servs.*, No. 16-1019V, 2018 U.S. Claims LEXIS 1058, at *15 (Fed. Cl. Spec. Mstr. July 31, 2018) (noting that "'receiv[ing], review[ing,] and process[ing]' records and court orders, and noting deadlines, are all clerical tasks."). Accordingly, time incurred for such administrative tasks will not be reimbursed. **Application of the foregoing reduces the total amount of fees to be awarded herein by $2,802.90.**[6]

      D.    *Attorney's Litigation Costs and Expert Costs*

Petitioner requests $49,448.60 in counsel's litigation costs incurred. This amount is comprised of medical records expenses, postage costs, expert related costs and the Court's filing fee. ECF No. 94-1. Petitioner also requests an additional $5,554.00 representing Petitioner's personal out-of-pocket costs. Petitioner has provided supporting documentation for all claimed costs (ECF Nos. 90 at 2 and 94-1) and $13,076.22 (related to the costs of obtaining medical records, postage, and the Court's filing fee) reflect commonly-incurred costs, and they will be awarded as such.

Expert costs require some additional analysis. In the Vaccine Program, expert work is reimbursed in the same manner as attorney's fees, using the lodestar method. *See Chevalier v. Sec'y of Health & Hum. Servs.*, No. 15-01V, 2017 WL 490426 (Fed. Cl.

---

[5] Administrative and clerical billing entries are dated as follows: 5/12/20 (two entries; 5/13/20; 6/3/20 (two entries); 6/10/20; 6/18/20 (two entries); 7/7/20; 9/8/20; 9/9/20; 10/5/20; 10/9/20; 1/7/21 (two entries); 1/13/21; 3/8/21; 3/10/21; 4/12/21; 6/3/21; 6/7/21; 7/6/21; 7/7/21; 8/9/21; 9/8/21 (two entries); 9/20/21; 10/8/21; 10/20/21; 10/22/21; 12/7/21; 1/5/22; 1/12/22; 2/23/22; 3/29/22; 6/23/22; 6/28/22; 7/19/22; 8/25/22; 9/12/22; 9/19/22; 9/22/22; 10/4/22; 10/5/22 (two entries); 10/26/22; 10/27/22; 2/23/23; 3/9/23; 4/3/23; 5/1/23; 7/12/23; 7/20/23; 8/31/23; 9/20/23; 9/26/23; 10/27/23; 11/14/23; 11/20/23; 12/18/23; 12/20/23 (two entries); 1/4/24; 1/8/24; 2/2/24; 2/5/24. ECF No. 90-1.

[6] This amount is calculated as follows: ($395.00 x 1.30 hours of administrative tasks) + ($420.00 x 2.70 hours of administrative tasks) + ($441.00 x 2.20 hours of administrative tasks) + ($463.00 x 0.40 hours of administrative tasks) = $2,802.90 in fees claimed for tasks that are not reimbursable in the Program.

4

Spec. Mstr. Jan. 11, 2017 (applying the lodestar calculation to both attorneys' fees and expert costs)). There are numerous factors to be considered when determining an appropriate expert hourly rate: "(1) the witness' area of expertise; (2) the education and training required to provide the expert insight that is sought; (3) the prevailing rates for other comparably respected available experts; (4) the nature, quality, and complexity of the information provided; (5) the cost of living in the particular geographic area; and (6) any other factor likely to be of assistance to the court in balancing the interests implicated by the [Vaccine Act]." *Aycock v. Secretary of Health & Hum. Servs.*, No. 19-235V, 2023 WL 8869423, at *7 (Fed. Cl. Spec. Mstr. Nov. 8, 2023).

Petitioner asks for $12,000.00 for the economic losses calculations and *preliminary* report prepared by Dr. Edmund H. Mantell, Ph.D. Dr. Mantell is requesting compensation at the rate of $800.00 per hour. ECF No. 94-1 at 20. But special masters have often declined to award more than $500.00 per hour to expert witnesses in the Vaccine Program. *See Green v. Sec'y of Health & Human Servs.*, No. 15-1447V, 2017 WL 6336776, at *4 (Fed. Cl. Spec. Mstr. Nov. 16, 2017). While special masters have more recently began to accept that there should not be an arbitrary "ceiling" on expert rates (in light of market realities, inflation, etc.), it is reasonable to scrutinize rate requests that are out of the ordinary – as here.

Here, although Dr. Mantell's work was helpful in the completion of this matter,[7] the rate requested has not been persuasively justified. I will instead award a lower rate of $600.00 per hour. **Application of the foregoing reduces the amount of costs to be awarded by $3,000.00**.[8] (In the future, it is incumbent upon Petitioner's counsel to apprise any experts they retain regarding the specific requirements for preparing invoices and requesting hourly rates in the Vaccine Program – and to alert the Court as to its desire for an out-of-the-ordinary rate).

---

[7] Respondent notes that Petitioner "did not request authorization to retain an economist until March 15, 2023 – after Drs. Cook and Mantell had already performed work. ECF No. 59. During the March 28, 2024 status conference, the CSM permitted the parties to consult with economists for the limited purpose of calculating lost wages but forbade expert reports." Respondent's Response to Motion, ECF No. 91 at 5. Petitioner's counsel stated in a reply, however, that Dr. Mantell prepared only a draft report, and the compensation system used by Petitioner's employers demanded the expertise of economists. Petitioner's counsel further indicated that due to Dr. Mantell's untimely death, both Drs. Cook and Mantell's work was required to determine the complex nature of lost wages for executives whose pay varies each year based on their complex bonus structure. Petitioner's Reply to Respondent's Response, ECF No. 93 at 3. I have reviewed the invoices submitted hereto and find that Drs. Cook and Mantell's expertise and analysis of lost wages were both necessary to reach settlement.

[8] This amount is calculated as follows: ($800.00 - $600.00 = $200.00) x 15.00 hrs. = $3,000.00.

5

Because Dr. Mantell passed away unexpectedly a few months after providing Petitioner with his draft economic report, Petitioner was obligated to obtain another well-qualified economist. Petitioner's Reply, ECF No. 93 at 4. To that end, Petitioner retained Dr. Robert Cook, PhD., and requests $14,970.00 for 49.90 hours of work performed at the hourly rate of $300.00. ECF No. 94-1 at 33-38. Dr. Cook reviewed, verified, and replicated Dr. Mantell's economic losses calculations and preliminary report, reviewed documents and prepared additional lost wages calculations prior to and after attending mediation in this case and engaged in several meetings with Petitioner and Petitioner's counsel. I find Dr. Cook's work in this case to be reasonable and I find no cause to reduce the requested hours or rates.

Additionally, Petitioner requests the amount of $1,200.00 (ECF No. 90-2 at 26 and 94-1 at 25) for two hours of work performed by his treating psychiatrist, Erika Kappes Zavyalov[9], D.O., at the hourly rate of $600.00, to provide the opinion letter dated October 1, 2023, and filed as Exhibit 44 at ECF No. 74. Although Dr. Kappes Zavyalov's proposed rate also exceeds what is routinely awarded for similar work in the Vaccine Program, I will nevertheless award her incurred costs in this case, but I do not hereby endorse her hourly rate at this time. Finally, Petitioner also retained Hurley Consulting, a life care planner in this case and is requesting reimbursement of $6,402.38 in expenses incurred for travel, the site visit and the life care plan. Petitioner has provided supporting documentation for these claimed expenses. ECF No. 94-1 at 39-51. Although this cost did not prove to be completely necessary for the resolution of damages,[10] I find the unique circumstances of the case justify the award regardless.

### E.  *Petitioner's Personal Out-of-Pocket Expenses*

Petitioner has also requested reimbursement of personally incurred costs in the amount of $5,554.00 for work performed by the law firm Cook Craig & Francuzenko,

---

[9] Respondent indicated that "medical experts were not requested or authorized in this case." ECF No. 91 at 5. However, Petitioner noted that Dr. Kappes was not an expert in this case and that her work was necessary to answer questions raised by the Court about Petitioner's psychiatric issues and how it may have affected his ability to work. Petitioner's Reply, ECF No. 93 at 2. I find Dr. Kappes contributions in this case to have been necessary and her claimed expenses shall be awarded in full.

[10] Respondent represents that the life care planner was retained "without respondent's knowledge or the Court's permission." ECF No. 91 at 5. However, Petitioner indicated that the life care planner (Ms. Hurley) was originally retained as a vocation expert and "while conducting her vocational assessment, Ms. Hurley determined that Mr. Bunch also had significant life care planning needs…because petitioner ultimately used another vocational planner, Ms. Hurley invoices her time solely as a life care planner." *Id.* at 5.

PLLC. ECF No. 90-2 at 46-56 and 94-1 at 52-62. I find these costs to have been reasonably incurred and shall be awarded.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's Motion for attorney's fees and costs. I award a total of **$270,162.25 (representing $218,159.65 in attorney's fees plus $46,448.60 in attorney's costs, plus $5,554.00 representing Petitioner's personal out-of-pocket expenses) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[11]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[11] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.